E-FILED
Tuesday, 06 January, 2015 04:22:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HOWARD PURHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 14-3232 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

In July 2014, Petitioner Howard Purham filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Petition) (d/e 1). In August 2014, Respondent United States of America filed a Motion to Dismiss (d/e 3) asserting that Petitioner's claims are barred by the collateral attack waiver in the Plea Agreement.

The Motion to Dismiss is GRANTED IN PART and DENIED PART. Petitioner's claim that counsel provided ineffective assistance of counsel by failing to advise Petitioner that Petitioner might be subject to enhancements that would increase his advisory

sentencing guideline range and by telling Petitioner he would only receive 10 to 12 years' imprisonment falls outside the scope of the waiver. Petitioner's claim that the Magistrate Judge did not have the authority to accept the guilty plea (which was not raised in the Petition but was raised in Petitioner's response to the Government's Motion to Dismiss) is summarily denied.

## I. BACKGROUND

On February 8, 2012, a federal grand jury charged Petitioner with several offenses, including conspiring with his brother, Sylvester Purham, to distribute 280 grams of cocaine base (crack) (Count 1). United States v. Howard Purham, Case No. 12-CR-30019, Indictment (d/e 21). On May 11, 2012, Petitioner appeared before United States Magistrate Judge Byron G. Cudmore to enter a plea of guilty to Count 1 of the Indictment pursuant to a Plea Agreement. As part of that Plea Agreement, Petitioner waived his right to file a direct appeal or to collaterally attack his conviction or sentence. Case No. 12-CR-30019, Plea Agreement ¶¶ 11, 12 (d/e 30).

Magistrate Judge Cudmore, with the consent of the parties, conducted the plea colloquy and prepared a Report and

Recommendation recommending that the Court accept the guilty plea.  See Case No. 12-CR-30019, Notice Regarding Entry of Plea and Signed Consent (d/e 31); Report and Recommendation (d/e 33).  On May 31, 2012, this district judge entered a Text Order accepting Petitioner's plea of guilty to Count 1 and adjudging Petitioner guilty of the offense.  On August 22, 2013, the Court sentenced Petitioner to 240 months' imprisonment.

In July 2014, Petitioner filed the present § 2255 Petition.  In the Petition, Petitioner raises two grounds.  First, Petitioner asserts that he asked his attorney if there was anything that could happen to enhance Petitioner's anticipated advisory guideline sentencing range of 151 to 188 months.  His attorney told him "no."  Second, Petitioner asserts that his attorney misled him to believe that if he signed the Plea Agreement, he would not receive more than 10 to 12 years' imprisonment.  Petitioner asks for a new plea agreement and a new sentence.

In August 2014, the Government filed a Motion to Dismiss (d/e 3) on the ground that the § 2255 Petition was barred by Petitioner's waiver of his right to collaterally attack his conviction and sentence.  In the Motion, the Government argues that

Petitioner agreed to waive his right to collaterally attack his sentence on any ground other than that the waiver was involuntary or counsel was ineffective in connection with the waiver itself, and Petitioner did not bring such claims in his Petition. Moreover, the Government claims the record shows Petitioner received effective assistance and voluntarily agreed to the waiver. Mot. to Dismiss p. 4 (d/e 3).

Petitioner filed a response, asserting that if his attorney had told him that he would receive multiple enhancements and that he would not receive the low end of his guideline range, he would not have pleaded guilty. See Resp. (d/e 5). Petitioner further asserts that the Plea Agreement did not benefit him at all. Petitioner also challenges the method by which the Magistrate Judge purportedly accepted Petitioner's plea, in light of United States v. Harden, 758 F.3d 886, 888 (7th Cir. 2014) (holding that a magistrate judge is "not permitted to accept guilty pleas in felony cases and adjudge a defendant guilty").

In October 2014, the Court directed the Government to file a supplemental memorandum addressing what effect, if any, the new Department of Justice policy regarding waivers of ineffective

assistance of counsel claims, had on the case.[1]  On November 3, 2014, the Government filed a supplemental memorandum indicating that the United States will not seek to enforce a defendant's waiver of his right to collateral attack if "(1) the petitioner's counsel rendered ineffective assistance of counsel resulting in prejudice; or (2) the petitioner raised a serious debatable issue."  See Mem., p. 1-2 (d/e 7).  The Government asserts that applying that policy to this case would have no impact.

Specifically, the Government argues that Petitioner's attorney did not render ineffective assistance, and that Petitioner cannot show prejudice.  The Government states that Petitioner received a higher sentence than the parties estimated at the time Petitioner pleaded guilty because Petitioner failed to abide by the terms of his Plea Agreement.  The Government also claims that Petitioner did

---

[1] In October 2014, the Department of Justice issued a press release indicating that the DOJ will no longer ask criminal defendants who plead guilty to waive their right to bring future claims of ineffective assistance of counsel. See http://www.justice.gov/opa/pr/attorney-general-holder-announces-new-policy-enhance-justice-departments-commitment-suppoet (last visited December 4, 2014).  The press release also indicates that the memo provided to all federal prosecutors "instructs prosecutors to decline to enforce waivers that have already been signed in cases where defense counsel provided ineffective assistance of counsel resulting in prejudice or where the defendant's ineffective assistance claim raises a serious issue that the court should resolve."  Id.

not support his Petition with a detailed and specific affidavit which shows that Petitioner has actual proof of the allegations. The Government asserts that had Petitioner "raised even a colorable claim of ineffective assistance of counsel, the United States would decline to enforce his waiver," but Petitioner failed to do so. Mem., p. 4 (d/e 7).

Petitioner responds that his counsel should have informed Petitioner that he was not sure how much time Petitioner would get and should have informed Petitioner of the possibility of receiving multiple enhancements. See Resp. (d/e 8). Petitioner asserts that had counsel done so, Petitioner would not have signed the Plea Agreement. Petitioner asks that his motion be granted and that he "have a fair try" with his case and "be sentence[d] with justice." Resp., p. 2 (d/e 8).

## II. ANALYSIS

Section 2255 allows a federal prisoner to attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise

subject to collateral attack. 28 U.S.C. § 2255(a). A defendant may validly waive the right to collaterally attack his conviction or sentence as part of a valid plea agreement. Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (citing Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999)). Courts generally uphold and enforce such waivers with limited exceptions. The limited exceptions include when the plea agreement was involuntary; the district court relied on a constitutionally impermissible factor at sentencing; the sentence exceeded the statutory maximum; or the defendant claims ineffective assistance of counsel for performance directly related to negotiation of the plea agreement. Keller, 167 F.3d at 681 (citing Jones, 167 F.3d at 1144-45).

Construing Petitioner's pleadings liberally, the Court finds that Petitioner makes the following claims: (1) counsel was ineffective for (a) failing to advise Petitioner, when signing the Plea Agreement, that Petitioner might be subject to enhancements that would increase his advisory sentencing guideline range and (b) telling Petitioner that he would only receive 10 to 12 years' imprisonment; and (2) the Magistrate Judge did not have the authority to accept the guilty plea.

A. <u>Petitioner's Claims that Counsel Was Ineffective for Failing to Advise Petitioner of the Possible Enhancements to the Advisory Sentencing Guideline Range and Telling Petitioner he Would Only Receive 10 to 12 years' Imprisonment are Not Barred by the Collateral Attack Waiver</u>

Petitioner argues that he received ineffective assistance of counsel in negotiating the Plea Agreement. Specifically, Petitioner asserts that counsel told Petitioner that no enhancements would be applied to increase Petitioner's sentencing guideline range of 151 to 188 months. In the PSR, however, the Probation Office applied several enhancements, which increased Petitioner's offense level and advisory sentencing guideline range.

Petitioner also claims that counsel told him that if Petitioner signed the Plea Agreement, Petitioner would receive no more than 10 to 12 years' imprisonment. The Court sentenced Petitioner to 20 years. Petitioner now claims that, had he known that he would receive multiple enhancements and that he would not receive the low end of his anticipated guideline range, he would not have pleaded guilty.

The Government argues that Petitioner's claims are barred by Petitioner's waiver of his right to collaterally attack his conviction and sentence. The Government claims Petitioner waived his right to

collaterally attack his sentence on any grounds other than that the waiver was not voluntary or counsel was ineffective in connection with the waiver itself. Mot. to Dismiss, p. 4 (d/e 3).

The Seventh Circuit has explicitly held that "a collateral review waiver does not prevent a habeas petitioner from being heard on claims that his plea agreement was the product of ineffective assistance of counsel." Hurlow v. United States, 726 F.3d 958, 964 (7th Cir. 2013) (explaining that the court has "never held that the waiver is unenforceable only when counsel is ineffective in negotiating the specific waiver provision"); see also Jones, 167 F.3d at 1145 ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself—the very product of the alleged ineffectiveness").

Petitioner essentially alleges that his plea agreement was the product of ineffective assistance. An attorney is deficient if he fails to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of his analysis to his client before allowing his client to plead guilty. Bethel v. United States, 458 F.3d 711, 717 (7th Cir. 2006). A gross

mischaracterization of the sentencing consequences may indicate deficient performance, although it is not proof of deficient performance. Id. (noting that the court must determine whether counsel made a good-faith effort to learn the facts and estimate the sentence). Therefore, the Court finds the claims are not barred by the waiver in the Plea Agreement.

B.  Petitioner's Claim that the Magistrate Judge Erroneously Accepted Petitioner's Guilty Plea is Summarily Denied

Petitioner also essentially argues that his guilty plea was accepted by the magistrate judge in violation of the Federal Magistrate Act, 28 U.S.C. § 636. This claim was raised for the first time in Petitioner's response to the Government's Motion to Dismiss.

The Court summarily denies Petitioner's claim. Even if the waiver of the right to collaterally attack the conviction does not preclude this claim, Petitioner is not entitled to relief. In support of his claim, Petitioner cites United States v. Harden, 758 F.3d 886.

In United States v. Harden, the magistrate judge, with the parties' consent, conducted the plea colloquy, and accepted the plea. Harden, 758 F.3d at 887. Thereafter, the district judge

conducted a sentencing hearing and sentenced the defendant. Id. On appeal, the Seventh Circuit reversed the defendant's conviction, holding that magistrate judges "are not permitted to accept guilty pleas in felony cases and adjudge a defendant guilty." Id. at 888 (basing this determination on 28 U.S.C. § 636 and Supreme Court decisions limiting federal magistrate judges' authority). The Court of Appeals also noted, however, that it is a permissible practice for the magistrate judge to conduct the plea colloquy and prepare a report and recommendation for the district judge. Id. at 891.

In this case, on May 11, 2012, Magistrate Judge Cudmore, with the consent of the parties, conducted the plea colloquy and prepared a Report and Recommendation recommending that the Court accept the guilty plea. See Case No. 12-CR-30019, Notice Regarding Entry of Plea and Signed Consent (d/e 31); Report and Recommendation (d/e 33). On May 31, 2012, this district judge entered a Text Order accepting Petitioner's plea of guilty to Count 1 and adjudging Petitioner guilty of the offense. Therefore, the Court followed the practice deemed permissible by the Seventh Circuit, and Petitioner's guilty plea is not void.

## III. CONCLUSION

For the reasons stated, the United States of America's Motion to Dismiss the Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (d/e 3) is GRANTED IN PART and DENIED IN PART. Petitioner's claim that counsel provided ineffective assistance of counsel by failing to advise Petitioner, when signing the Plea Agreement, that Petitioner might be subject to enhancements that would increase his advisory sentencing guideline range and telling Petitioner he would only receive 10 to 12 years' imprisonment falls outside the scope of the waiver. Petitioner's claim that the Magistrate Judge did not have the authority to accept the guilty plea is summarily denied. The Government shall file an Answer to the remaining claim on or before January 26, 2015. Petitioner shall file a reply on or before February 23, 2015. The Court will then determine whether to set this matter for an evidentiary hearing. See Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts. **In anticipation of the Court considering the appointment of counsel, Petitioner is DIRECTED to complete a financial affidavit so that the Court can determine whether Petitioner is financially unable to obtain adequate**

**representation. Petitioner is also DIRECTED to forward a certified copy of his trust fund ledger for the last six months. Petitioner shall do so on or before January 26, 2015. The Clerk of the Court is DIRECTED to forward to Petitioner the Financial Affidavit CJA 23.**

ENTER: January 5, 2015

FOR THE COURT:

                           <u>  s/Sue E. Myerscough</u>
                           SUE E. MYERSCOUGH
                           UNITED STATES DISTRICT JUDGE